IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

Civil Action No. 06-cv-01869-MSK-MJW

WILLIAM ALBERT O'NEIL,

Plaintiff(s),

v.

ASSET ACCEPTANCE, LLC, et al.,

Defendant(s).

---

MINUTE ORDER

---

It is hereby **ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (docket no. 22) is **GRANTED** finding good cause shown.

Plaintiff filed his Complaint on September 19, 2006.  This court entered a Rule 16 Scheduling Order on November 30, 2006. Plaintiff's counsel, Paul A. Miller, was present at the Rule 16 Scheduling Conference.  Paragraph 8(a) of the Rule 16 Scheduling Order set the deadline for joinder of parties and amendment of pleadings on December 15, 2006.  Plaintiff's counsel participated in setting this date.  Plaintiff filed the subject motion with the court on December 19, 2006, which is four (4) days past the above deadline set by this court.  Moreover, paragraph 13 in the Rule 16 Scheduling Order addresses amendments to the scheduling order.  Paragraph 13 states: "The scheduling order may be altered or amended upon a showing of good cause."

Since the motion was made after the deadline for amendment of pleadings, this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required.  Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b).  If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .

Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted).  The second step is consideration of whether the plaintiff have satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Id. at 669 (citation omitted).

Here, the court finds that pursuant to the above analysis and in the interest of justice, a late amendment to the Complaint is merited.  The co-defendant Wolpoff & Abramson, L.L.P., filed its answer to the original Complaint outside of 60 days and only after Plaintiff's counsel brought the issue of default to the attention of co-defendant Wolpoff & Abramson, L.L.P.  Accordingly, it was not until approximately December 15, 2006, when Plaintiff became aware that Platinum Financial Services Corporation may be the holder of the Providian account which involves this litigation.  Furthermore, the court notes that defendant has failed to respond to the motion to amend and thus has confessed the motion.

It is **FURTHER ORDERED** that Plaintiff shall re-file with this court the Amended Complaint so that a new docket number can be assigned to the Amended Complaint.  Moreover, Plaintiff shall forthwith serve the Amended Complaint upon all parties to this lawsuit including the newly-added defendant Platinum Financial Services Corporation.

It is **FURTHER ORDERED** that this case is set for a status conference and settlement conference before Magistrate Judge Watanabe on February 23, 2007, at 10:30 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado.  At this hearing, Plaintiff shall be present, in person, with

3

Plaintiff's counsel.  Each defendant, including the newly-added defendant Platinum
Financial Services, Corporation, shall have a representative present, in person, who
has full authority to settle this case along with their counsel.  The parties shall submit
their updated confidential settlement statements to Magistrate Judge Watanabe on or
before February 20, 2007.

It is **FURTHER ORDERED** that Plaintiff's counsel shall serve a copy of this
Minute Order upon the newly-added defendant Platinum Financial Services,
Corporation, and file proof of service of the same with this court on or before
January 31, 2007.

Date: January 17, 2007