IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01869-MSK-MJW

WILLIAM ALBERT O'NEIL,

      Plaintiff,

v.

WOLPOFF & ABRAMSON, LLP, and
PLATINUM FINANCIAL SERVICES CORP.,

      Defendants.

---

## ORDER ON PENDING MOTIONS, AND DIRECTING
## THE CLERK OF COURT TO CLOSE THIS CASE

---

THIS MATTER comes before the Court on the following motions:

(1)     The Plaintiff's motion for partial summary judgment **(#48)**, to which the

Defendants responded **(#69, #75)** and the Plaintiff replied **(#77).**

(2)     A motion to enforce a settlement agreement **(#62, #63)** filed by Defendant

Wolpoff & Abramson, LLP, and the Magistrate Judge's recommendation **(#97)**

that it be granted, to which the Plaintiff objected **(#98, #100)** and Defendant

Wolpoff & Abramson, LLP responded **(#101).**

(3)     The Plaintiff's motion for dismissal and for leave to amend complaint **(#66)**, to

which Defendant Wolpoff & Abramson, LLP responded **(#70).**

Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

## I.  Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II.  Procedural Background

The Plaintiff, William Albert O'Neil, asserts claims in an Amended Complaint (**#31**)[1] against Defendants Wolpoff & Abramson, LLP (hereinafter, "W&A") and Platinum Financial Services Corp. (hereinafter, "Platinum") under the Fair Debt Collection Act.

The parties have filed three overlapping sets of briefs.  First, Mr. O'Neil filed a motion for partial summary judgment, in which he contends that he is entitled to judgment on the issue of liability.  Both Defendants responded that this motion is moot due to the parties' settlement.

Second, W&A filed a motion to enforce a settlement agreement which it contends has resolved all claims asserted in this litigation against W&A and Platinum.  Following an evidentiary hearing, the Magistrate Judge determined that the parties reached a settlement of all claims, including state law tort claims not alleged in the Amended Complaint, but that the settlement did not extend to claims which could be asserted under the Telephone Consumer Protection Act.  He then recommended that the settlement agreement be enforced, and that all other motions be denied, as moot.

Third, Mr. O'Neil filed a motion to dismiss both claims in his Amended Complaint and for leave to assert new claims under Colorado law and the Telephone Consumer Protection Act. W&A filed a response in opposition to this motion.

---

[1] Mr. O'Neil initially asserted claims against Asset Acceptance, LLC, and Cavalry Portfolio Services, LLP.  Upon the parties' stipulation, the Court dismissed all claims against such Defendants, with prejudice (**#28**).  Notwithstanding the dismissal, such Defendants were again named as parties in the caption of the Amended Complaint.  Therefore, the Court has deleted them from the caption in accordance with its prior Order.

### III.  Issues Presented

The first issue presented is whether the parties have reached a settlement as to the claims asserted in this action, and whether the settlement extends to claims under Colorado law which Mr. O'Neil seeks to assert in a Second Amended Complaint.  The second issue presented is whether Mr. O'Neil should be granted leave to file a Second Amended Complaint alleging violations of the Telephone Consumer Protection Act and Colorado law.

### IV.  Standard of Review

The matter comes before the Court on a Magistrate Judge's recommendation.  Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any portion of a Magistrate Judge's recommendation by filing specific objections within 10 days of the party's receipt of the recommendation.  When, as here, timely objections to the recommendation have been filed, the district court must review *de novo* the specific conclusions of the Magistrate Judge to which objections have been directed.  28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996).

During *de novo* review, a district court is not required to make specific findings and instead may simply indicate that it has undertaken the requisite review.  *Garcia v. City of Albuquerque*, 232 F.3d 760, 766-67 (10th Cir. 2000).  However, it must consider the record that was developed before the Magistrate Judge and make an independent determination on the basis of that record.  *Clark v. Poulton,* 963 F.2d 1361, 1371 (10th Cir. 1992).  If a party objects to the Magistrate Judge's credibility findings, then the Court must read the transcript of the evidentiary hearing, but is not required to conduct a new hearing if the Court adopts the Magistrate Judge's credibility determination.  *Wildermuth v. Furlong,* 147 F.3d 1234, 1236 (10th Cir. 1998); *see also*

*Gee v. Estes,* 829 F.2d 1005 (10th Cir. 1987).  However, to obtain *de novo* review of the testimony presented to the Magistrate Judge, the objecting party must "promptly arrange for the transcription of the record, or portions of it as all parties may agree upon or the magistrate judge deems sufficient, unless the district judge otherwise directs."  Fed. R. Civ. P. 72(b).

## V.  Analysis

The parties agree that they entered into a settlement agreement which resolves both claims asserted in the Amended Complaint under the Fair Debt Collection Act.  They also agree that the settlement agreement excludes claims which could be asserted under the Telephone Consumer Protection Act.  They disagree only as to whether the scope of the agreement extends to Colorado tort claims which Mr. O'Neil has not asserted in this lawsuit.

As a preliminary matter, the Court notes that it has the authority to enforce a settlement agreement entered into between litigants in pending litigation.  *United States v. Hardage,* 982 F.2d 1491, 1496 (10th Cir.1993).  However, if material facts concerning the existence or terms of an agreement to settle are in dispute, then the Court must offer the parties an evidentiary hearing.  *Id.* When there are issues pertaining to the formation, construction and enforceability of a settlement agreement, the Court must apply state contract law to resolve them.  *See United States v. McCall,* 235 F.3d 1211, 1215 (10th Cir.2000).  Under Colorado law,[2] the formation of a contract requires an offer, acceptance of the offer, mutual assent (*i.e.,* a meeting of the minds), competent parties, and legal consideration.  *See Industrial Products Intern., Inc. v. Emo Trans, Inc.,* 962 P.2d 983, 988 (Colo. App. 1997); *Brush Creek Airport, L.L.C. v. Avion Park, L.L.C.,* 57 P.3d 738, 745

---

[2] The Magistrate Judge determined, and Mr. O'Neil agrees, that Colorado contract law applies to this issue.  W&A and Platinum have not objected to the application of Colorado contract law.  Therefore, the Court applies Colorado law to this issue.

(Colo. App. 2002).  Here, the only dispute is as to whether there was a meeting of the minds as to the scope of the settlement agreement, in specific, whether it resolved any unpled Colorado law claims.

The Magistrate Judge held an evidentiary hearing on this issue.  Applying Colorado law, the Magistrate Judge found that the parties entered into a "global" settlement agreement which resolved all claims asserted in this action as well as potential state law tort claims for malicious prosecution, invasion of privacy, and outrageous conduct, but that the settlement did not extend to claims under the Telephone Consumer Protection Act.  He found that the essential terms of the contract were:

> Defendant Platinum Financial Services Corporation would pay Plaintiff William Albert O'Neil $5,000.00 to settle all claims and provide him with an assignment of the credit account it was attempting to collect. Defendant Wolpoff & Abramson L.L.P. would pay Plaintiff William Albert O'Neil $1,000.00 for the FDCPA claims. Defendant Wolpoff & Abramson L.L.P. would pay to Plaintiff William Albert O'Neil a reasonable attorney fee of $10,000.00 plus the actual costs of travel and the deposition expenses of Ronald M. Abramson. The TCPA claims were not part of this settlement. Plaintiff's counsel, Mr. Miller, was to draft the settlement documents.

The Magistrate Judge also found that Mr. O'Neil's attorney had both actual and apparent authority to enter into such settlement agreement, and found Mr. O'Neil's contrary testimony to be unreliable and untrustworthy.  Finally, he found that there was a meeting of the minds between the parties to enter into the settlement agreement containing these terms.

Based upon these findings, the Magistrate Judge recommends that the Court grant W&A's motion to enforce the settlement agreement, order the parties to perform under the agreement by September 13, 2007, direct each party to pay their own attorney fees and costs pertaining to the

motion, and direct the parties to file their stipulation for dismissal with prejudice by September 18, 2007.[3]  He also recommends denial of the remaining motions, as moot.

Mr. O'Neil objects to the recommendation in several specifics.  He contends that: (1) the Magistrate Judge should have considered his motion for partial summary judgment before addressing the motion to enforce the settlement agreement; (2) the Magistrate Judge has rewritten the parties' contract in violation of Colorado law; (3) the recommendation repudiates Mr. O'Neil's attorney's right to draft the settlement documents; (4) the Defendants fraudulently induced the settlement by failing to disclose "an intent not to settle all of the claims when asking for a global settlement conference"; and (5) the Magistrate Judge's finding that Mr. O'Neil's attorney had authority to enter into the settlement agreement was not supported by the evidence.  As to these five arguments, W&A argues that the first is frivolous, the second and third are not the effect of the Magistrate Judge's recommendation, and the fourth and fifth are belied by the record.  W&A also argues for the imposition of sanctions under 28 U.S.C. § 1927.

The parties have had an evidentiary hearing, and the Magistrate Judge applied Colorado law to determine whether there was a settlement agreement and what its material terms were.  However, the testimony presented during such hearing is not before the Court.  Mr. O'Neil, as the party who objects to the Magistrate Judge's recommendation, was obligated to provide a transcript of such hearing to the Court in order to obtain *de novo* review of the testimony given during that hearing.  *See* Fed. R. Civ. P. 72(b).  Because he has not done so, the Court is left to review the parties' filings and the Magistrate Judge's recommendation, along with the exhibits

---

[3] Due to the deadlines for filing objections and for responding to any objections as set forth in Fed. R. Civ. P. 72(b), the matter was not at issue until September 18, 2007.

admitted during the hearing (**#95**).

As to Mr. O'Neil's contention that the Magistrate Judge should first have considered his motion for partial summary judgment, the Court rejects such contention, for several reasons. First, the summary judgment motion was not referred to the Magistrate Judge for a recommendation pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). In addition, Mr. O'Neil agrees that a settlement was reached as to the two claims asserted in his Amended Complaint. Thus, his motion for partial summary judgment pertains to a nonexistent controversy and is moot.

As to Mr. O'Neil's contention that the Magistrate Judge has rewritten the parties' contract, nothing in the record establishes this. The recommendation reveals that the Magistrate Judge considered the evidence presented to determine the terms upon which the parties agreed. He then recited what he found to be the material terms of the parties' "global" settlement agreement. This included the parties' agreement that Mr. O'Neil's attorney would draft the settlement documentation. Nothing in the Magistrate Judge's recommendation prevents this from occurring. Indeed, the recommendation should make the task of memorializing the agreement simpler for Mr. O'Neil's attorney, given that it clearly identifies the terms of the parties' agreement.

Mr. O'Neil also contends that the Magistrate Judge has rewritten the parties' agreement by recommending that the parties be required to pay their own attorney fees and costs pertaining to the motion. He views this as being inconsistent with the terms of the agreement which require payment of "$16,000 plus Mr. O'Neil's hard costs." The Court disagrees. The Magistrate Judge was not asked to determine, and indeed did not determine, whether costs incurred in relation to a motion to enforce a settlement agreement would be "hard costs" under the parties' settlement

agreement, nor does this Court do so now.

Mr. O'Neil's fourth argument is that W&A and Platinum failed to disclose "an intent not to settle all of the claims when asking for a global settlement conference" and that this fraudulently induced his participation in the settlement conference. He contends that he would not have participated in a settlement conference if he had known that when W&A and Platinum referred to a "global" settlement, they only intended to settle the claims asserted in the Amended Complaint. He then asserts that the Magistrate Judge's characterization of the settlement agreement as a "global" settlement agreement is erroneous because the parties did not agree to settle claims under the Telephone Consumer Protection Act, or the potential state law tort claims.

This argument revolves around what is meant by the word "global" in describing a settlement agreement. On the one hand, Mr. O'Neil complains that W&A and Platinum used the term "global" when they did not mean "global," and on the other hand, he complains that the Magistrate Judge used the term "global" to describe a settlement agreement which was not "global."

What W&A, Platinum, or the Magistrate Judge meant when using the word "global" is irrelevant. The only matter of relevance is whether the parties had a meeting of the minds as to the material terms of their settlement agreement. As to claims under the Telephone Consumer Protection Act, the settlement agreement explicitly does not resolve such claims and does not prevent Mr. O'Neil from asserting such claims in the future. However, as to the potential state law tort claims, Mr. O'Neil has not provided the Court with a transcript of the proceedings before the Magistrate Judge, and therefore the Court is unable to determine that the Magistrate Judge's finding that such claims are encompassed within the settlement is erroneous. Rather, there is

evidence in the record which shows that the settlement encompassed all claims which could have been asserted in this action, except for claims under the Telephone Consumer Protection Act. Thus, while the settlement is not truly "global" insofar as it does not reach any Telephone Consumer Protection Act claims, its characterization as a "global" agreement does not impact its material terms.

Finally, Mr. O'Neil contends that the Magistrate Judge's determination that Mr. O'Neil's attorney had authority to enter into the settlement agreement was not supported by the evidence. Such determination was based, in part, upon the Magistrate Judge's assessment that Mr. O'Neil's testimony was unreliable and untrustworthy. Because Mr. O'Neil has provided no copy of the transcript of his testimony, the Court has no basis to reject the Magistrate Judge's assessment. Moreover, there is evidence in the record – in specific, numerous e-mails – which supports a finding that Mr. O'Neil's attorney had authority to settle claims on his client's behalf.

Having considered the Magistrate Judge's recommendation *de novo*, the Court independently determines that the parties entered into a settlement agreement containing the terms he identified. Therefore, the Court grants the motion to enforce the settlement agreement. However, as recommended by the Magistrate Judge, the parties shall each pay their own attorney fees and costs incurred with respect to this matter, and the Court declines to impose sanctions against Mr. O'Neil under 28 U.S.C. § 1927, as requested by W&A.

The Court observes that many of the deadlines which the Magistrate Judge recommended for enforcement of the settlement agreement have passed. This is of no matter, however, because the Court may set a new date for the parties to comply with the terms of their agreement without running afoul of the agreement itself. In addition, no stipulation for dismissal is required, because

Mr. O'Neil has moved to dismiss all of the claims asserted in this lawsuit.

This leaves one final issue.  On May 4, 2007, approximately one week after the parties reached a settlement of Mr. O'Neil's claims, he moved for leave to file a Second Amended Complaint in which he would allege violations of the Fair Debt Collection Act, the Telephone Consumer Protection Act, and Colorado law.  Pursuant to the parties' settlement agreement, he cannot assert claims under the Fair Debt Collection Act or Colorado law.  To the extent he seeks leave to assert a claim under the Telephone Consumer Protection Act in this action, the Court denies his request.  The deadline for amending the pleadings was March 23, 2007, and Mr. O'Neil has not shown that there is good cause to amend the Scheduling Order to allow him to assert new claims at this juncture.  Fed. R. Civ. P. 16(b).  As is evident by his proposed Second Amended Complaint, the facts alleged in support of a claim under the Telephone Consumer Protection Act were known to Mr. O'Neil as early as May 2002, and not later than April 2006, prior to the deadline for amending the pleadings.

**IT IS THEREFORE ORDERED** that:

(1)    Mr. O'Neil's motion for partial summary judgment **(#48)** is **DENIED,** as moot**.**

(2)    W&A's motion to enforce the settlement agreement **(#62, #63)** is **GRANTED**. To the extent set forth above, the Court adopts the Magistrate Judge's recommendation **(#97)** that such motion be granted.  The parties shall pay their own attorney fees and costs incurred in relation to W&A's motion and the Magistrate Judge's recommendation.

(3)    The parties shall comply with all terms of the settlement by **November 30, 2007**.

(4)    Mr. O'Neil's motion for dismissal and for leave to amend complaint **(#66)** is

**DENIED** to the extent he seeks leave to amend his complaint, and **GRANTED** as to dismissal of his claims in this action.

(5)    All claims having been dismissed, the Clerk of Court is directed to close this case.

Dated this 26th day of October, 2007

**BY THE COURT:**

_Marcia S. Krieger_
_____
Marcia S. Krieger
United States District Judge

11